IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION



ROBERT C. MORRIS, §
 §
  Petitioner, §
 §
v. § No. 4:10-CV-828-A
 §
JAMES FRENCH, Director, §
Community Supervision and §
Corrections Department of §
Palo Pinto County, Texas, §
 §
  Respondent. §

## MEMORANDUM OPINION
### and
### ORDER

This is a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 filed by petitioner, Robert C. Morris, a state prisoner currently incarcerated in Cuero, Texas, against James French, Director of the Supervision and Corrections Department of Palo Pinto County, Texas, respondent. After having considered the pleadings, state court records, and relief sought by petitioner, the court has concluded that the petition should be dismissed as untimely.

### I. Factual and Procedural History

On December 27, 2001, pursuant to a plea agreement, petitioner pleaded guilty to possession of child pornography in Case No. 11,530 in Palo Pinto County, Texas, received a suspended

10-year sentence, and was placed on probation. (Resp't Ans., Ex. A - C)[1] Petitioner did not directly appeal the judgment of conviction. (Pet. at 2) Thus, the conviction became final thirty days later on January 26, 2002. *See* TEX. R. APP. P. 26.2; *Flanagan v. Johnson*, 154 F.3d 196, 200-02 (5th Cir. 1998). In 2007, petitioner filed a state habeas application challenging the 2001 conviction, which was used to enhance his 2006 federal sentence in this court in *United States v. Morris*, No. 4:06-CR-51-A, for possession of child pornography. The state habeas court denied relief on November 15, 2007. (State Habeas R. at 8) Petitioner appealed the denial, but the Eleventh District Court of Appeals of Texas affirmed the trial court's decision on February 19, 2009, and the Texas Court of Criminal Appeals refused his petition for discretionary review on August 19, 2009. *Ex parte Morris*, State Habeas Appl. No. WR-67,378-01.

Petitioner filed this federal petition on October 26, 2010.[2] On February 8, 2011, the state trial court executed an "Early

---

[1]Petitioner is currently serving a 12-year state court sentence for his June 20, 2005, conviction for indecency with a child in Case No. 12,720 in Palo Pinto County.

[2]*See Spotville v. Cain*, 149 F.3d 374, 377 (5th Cir. 1998) (holding, under prison mailbox rule, pro se habeas petition filed when papers delivered to prison authorities for mailing).

2

Release and Discharge from Community Supervision," discharging him from any further supervision by respondent, discharging all penalties and disabilities resulting from the 2001 offense, and dismissing the case. (Resp't Ans., Ex. F)

Respondent contends that the petition was filed within the federal one-year statute of limitations but that petitioner's claims are waived as a result of his guilty plea or, in the alternative, that the petition should be dismissed as moot because petitioner has been released from community supervision. (Resp't Ans. at 8-13) Petitioner contends the petition was timely filed because his 2001 conviction became final on November 19, 2009, 90 days after the date the Texas Court of Criminal Appeals refused his petition for discretionary review in his state habeas proceeding.[3]

## II. Statute of limitations

28 U.S.C. § 2254 establishes a one-year statute of limitations for federal habeas proceedings brought under § 2254. In general, the limitations period runs from "the date on which the judgment became final by the conclusion of direct review or

---

[3]Petitioner's calculation of the 90-day period within which he had to file a petition for writ of certiorari in the Supreme Court is incorrect. Ninety days after the state court's refusal of his petition for discretionary review was November 17, 2009.

3

the expiration of the time for seeking such review[.]" *Id.* § 2244(d)(1)(A). Petitioner's 2001 conviction became final on January 26, 2002, thus he had one year, or until January 26, 2003, to seek federal habeas relief.[4] *Id.* Having failed to do so, petitioner's belated attempt to collaterally attack that conviction is time-barred.[5] See *Applin v. Dretke*, No. 4-03-CV-0805-Y, 2003 WL 22383572 at *9 (N.D.Tex. Oct.8, 2003), *rec. adopted,* 2003 WL 22862692 (N.D.Tex. Nov.4, 2003) (prior conviction used for enhancement purposes may not be challenged on federal habeas review if the conviction is no longer open to direct or collateral attack in its own right).

For the reasons discussed herein,

The court ORDERS the petition of petitioner for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 be, and is hereby,

---

[4]Petitioner's state habeas application challenging the validity of the 2001 conviction used to enhance his later conviction did not toll the one-year limitations period. *See Godfrey v. Dretke*, 396 F.3d 681, 688 (5th Cir.), *cert. denied*, 546 U.S. 880 (2005). However, even assuming the state habeas action, pending from October 1, 2007, to August 19, 2009, did toll the statute of limitations under § 2244(d)(2), it does not aid petitioner by making his federal petitioner timely filed.

[5]Even if the petition were considered timely, arguably petitioner's claims are moot now that his 2001 state conviction has been dismissed and he has been released from all future penalties and disabilities resulting from the offense. TEX. CODE CRIM. PROC. art. 42.12, § 20(a) (Vernon Supp. 2010).

4

dismissed as time-barred.

Pursuant to Rule 22(b) of the Federal Rules of Appellate Procedure, Rule 11(a) of the Rules Governing Section 2254 Cases in the United States District Court, and 28 U.S.C. § 2253(c), for the reasons discussed herein, the court further ORDERS that a certificate of appealability be, and is hereby, denied, as petitioner has not made a substantial showing of the denial of a constitutional right.

SIGNED May __26__, 2011.

_____
JOHN McBRYDE
United States District Judge

5